IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephanie Richardson : <br> 2620 Gerritt Street, Philadelphia, PA 19146 : <br> Plaintiff, : <br> vs. : <br> : <br> Federal Bureau of Prisons : <br> 700 Arch Street, Philadelphia, PA 19106 : <br> and : <br> Federal Detention Center Philadelphia a/k/a : <br> FDC Philadelphia : <br> 700 Arch Street, Philadelphia, PA 19106 : <br> and : <br> United States of America : <br> 950 Pennsylvania Ave, NW, Washington, DC 20530 : <br> and : <br> City of Philadelphia : <br> 1515 Arch Street, Philadelphia, PA 19102 : <br> : <br> Defendants : | CIVIL ACTION - COMPLAINT <br><br><br><br><br><br><br><br> DOCKET NO.: 2:22-cv-00196 |

## COMPLAINT

**COMES NOW**, Plaintiff, **Stephanie Richardson**, by and through counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendant upon a cause of action whereof the following is a statement:

## PARTIES

1. Plaintiff, **Stephanie Richardson**, is an adult individual, citizen and resident of, Commonwealth of Pennsylvania, residing at 2620 Gerritt Street, Philadelphia, PA 19146.

2. Defendant, **Federal Bureau of Prisons**, (hereinafter also referred to as Defendant(s)) is an independent establishment of the executive branch of the Government of the United States, with the power to be sued in its official name pursuant to 28 USC § 1346 and 28 USC § 2671-2680.

3. Defendant, **Federal Detention Center Philadelphia a/k/a FDC Philadelphia**, (hereinafter also referred to as Defendant(s)) is an independent establishment of the executive branch of the Government of the United States, with the power to be sued in its official name pursuant to 28 USC §

1346 and 28 USC § 2671-2680.

4. Defendant, **United States of America** (hereinafter also referred to as Defendant(s) is the Government of the United States, with the power to be sued in its official name pursuant to 28 USC § 1346 and 28 USC § 2671-2680.

5. Defendant, **City of Philadelphia**, (hereinbefore and hereinafter also referred to as Defendant(s)), is a city, and/or government entity with the power to be sued in its official name pursuant to Pa. C.S. 8542.

## JURISDICTION AND VENUE

4. On October 5, 2020, an official claim was brought pursuant to the Federal Tort Claims Act. Pursuant to 28 USC §2675(a), Plaintiff received a final denial of the claim on July 28th, 2021.

5. This Court has jurisdiction based upon 28 USC § 1346 and 28 USC § 2671-2680 allowing for original jurisdiction of the United States District Courts over actions brought against the **Federal Bureau of Prisons, Federal Detention Center Philadelphia a/k/a FDC Philadelphia**, and the **United States of America**.

6. Venue is properly laid, pursuant to 28 U.S.C. §1391(a), as the events giving rise to this claim occurred within the Eastern District of Pennsylvania.

## FACTS

7. On or about October 20, 2018, Defendants did own, and/or possess, and/or maintain, and/or control certain real property located at or near 700 Arch Street, Philadelphia, PA 19106, which property is commonly known as the **Federal Detention Center of Philadelphia a/k/a FDC Philadelphia**, including the inside sidewalks and/or exterior portions of the premises, and Defendants had a duty to maintain this property.

8. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the floor, which consisted of a irregularity, defect, unevenness and/or dangerous condition (hereinafter collectively also referred to as dangerous condition) which was left unattended by the

Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to public invitees such as Plaintiff, Stephanie Richardson.

9. On or about October 20, 2018, Plaintiff, **Stephanie Richardson**, was a public invitee at Defendants' premises located at 700 Arch Street, Philadelphia, PA 19106.

10. At the aforementioned time and location, Plaintiff was lawfully proceeding on foot on the exterior sidewalk of Defendants' premises, and when the Plaintiff came in contact with the irregularity, defect, unevenness and/or dangerous condition Plaintiff, **Stephanie Richardson**, was caused to slip and/or twist and/or fall violently to the ground striking various parts of her body, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

11. It is believed and averred that on the aforesaid date, Defendant failed to properly monitor the sidewalk of the subject premises, and failed to remedy the defect in a timely fashion.

12. At all times herein material, Defendant was either acting individually and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of the Defendant's businesses and affairs.

13. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

14. Plaintiff avers that the carelessness, negligence and recklessness of the defendants, individually, jointly and/or severally, consisted of the following:

      a) failing to repair the unlevel, defective pavement/sidewalk/walkway;

      b) failing to take action so as to eliminate or prevent the unlevel, defective sidewalk to exist;

      c) failing to warn or otherwise notify the plaintiff, and others similarly situated, of said hazardous condition and/or otherwise dangerous condition;

d) creating a dangerous condition on the premises;

e) disregarding the rights, safety and position of the plaintiff herein and others similarly situated;

f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

g) failing to maintain the property and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to Plaintiff and those similar situated;

h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

i) failing to properly and adequately repair or otherwise remove the subject hazardous condition and/or otherwise remedy dangerous condition;

j) failing to provide proper maintenance of the premises;

k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

l) being otherwise careless, reckless and negligent;

m) failing to exercise due care under the circumstances;

n) allowing the dangerous condition to remain on the premises for an unreasonably long period of time;

o) failing to use the required degree of due care for the property;

p) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

q) failing to properly exercise their/its duty of supervision and control;

r) failing to properly instruct their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

s) failing to properly maintain the premises;

t) failing to warn or otherwise notify the plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

u) disregarding the rights, safety, and the position of the plaintiff, who was a business invitee and failing to use the required degree of due care;

v) failing to inspect the property in a diligent manner; and

    w)  failing to maintain records in a manner that would allow for the timely repair of the dangerous condition.

15. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants individually, jointly and/or severally, Plaintiff, **Stephanie Richardson**, has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, wrists, fingers, hips, legs, knees and/or feet, and the bones, cartilages, ligaments, muscles, nerves, blood vessels and/or soft tissues attached thereto were fractured, herniated, wrenched, bruised, and/or otherwise injured as now known or as may be discovered in the future, including but not limited to the specific injuries diagnosed because of this incident including cervical sprain and strain, lumbar sprain and strain, left ankle sprain and strain, right knee contusion and right elbow contusion; she suffered serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

16. Further, by reason of the injuries sustained by Plaintiff, **Stephanie Richardson**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and/or pleasures thereby resulting in a loss, depreciation and diminution of her earnings, earning capacity and/or loss of enjoyment of life, all to her great and continuing detriment and loss.

17. Furthermore, Plaintiff, **Stephanie Richardson**, has required various hospital, physician and/or medical treatment care, and consequently she has incurred hospital, physicians and/or medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

18. As a direct and sole result of the accident, Plaintiff, **Stephanie Richardson**, has or may

hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and/or other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

19. As a further result of the instant occurrence, Plaintiff, **Stephanie Richardson**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Stephanie Richardson,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT ONE
## PLAINTIFF vs. Federal Bureau of Prisons

20. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

21. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendant, Plaintiff, **Stephanie Richardson**, sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Stephanie Richardson,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT TWO
## PLAINTIFF vs. Federal Detention Center Philadelphia a/k/a FDC Philadelphia

22. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

23. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendant, Plaintiff, **Stephanie Richardson**, sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Stephanie Richardson,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT THREE
## PLAINTIFF vs. United States of America

24. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

25. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendant, Plaintiff, **Stephanie Richardson**, sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Stephanie Richardson,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT FOUR
## PLAINTIFF vs. City of Philadelphia

26. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as fully as though set forth herein at length.

27. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendant, Plaintiff, **Stephanie Richardson**, sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Stephanie Richardson,** claims damages of the defendants, Individually, jointly and/or severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted,

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

/s Louis B. Himmelstein
Louis B. Himmelstein
ATTORNEY FOR PLAINTIFF
Identification Number: 41140
1420 Walnut Street, Suite 1000
Philadelphia, PA 19102
Telephone:     (215) 790-9996
Fax:           (215) 790-9055          Email: lawyers@himmelsteinlawoffices.com

/s Timothy J. Alles
Timothy J. Alles
ATTORNEY FOR PLAINTIFF
Identification Number: 311442
1420 Walnut Street, Suite 1000
Philadelphia, PA 19102
Telephone:     (215) 790-9996
Direct:        (267) 551-3210
Fax:           (215) 790-9055
Email:         talles@himmelsteinlawoffices.com

1/14/2022

## VERIFICATION

The undersigned, hereby deposes and says that the facts set forth in the attached Pleading are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties relating to unsworn falsification to authorities.

*DocuSigned by:*
*S. Richards*
254A80A5B074477